IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION



| | |
|---|---|
| VICTOR BRADLEY,<br><br>    Plaintiff,<br><br>v.<br><br>CORR. OFF. JENSEN et al.,<br><br>    Defendants. | **SECOND ORDER TO AMEND DEFICIENT COMPLAINT**<br><br>Case No. 2:09-CV-684 DB<br><br>District Judge Dee Benson |

Plaintiff, inmate Victor Bradley, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2010), *in forma pauperis*, *see* 28 id. § 1915. After the Court's initial screening revealed Plaintiff's Complaint was deficient, *see id.* § 1915A, Plaintiff responded, to an order to cure those deficiencies, with an amended complaint. The Court now screens that amended complaint and orders Plaintiff to file a second amended complaint to cure continuing deficiencies before further pursuing his claims.

### Deficiencies in Complaint

(a) Claims are based on conditions of confinement; however, the complaint was not submitted through contract attorneys.

(b) In the complaint's text, other prison personnel are possibly accused of violating Plaintiff's civil rights, although they are not named as defendants. Plaintiff must clarify whether they are indeed defendants.

(c) Plaintiff's retaliation allegations are too vague.

(d) Some claims are not linked to specific defendant(s).

(e) Claims against Officer Pluvz and Dr. Garden appear to be impermissibly based on a respondeat superior theory of liability.

## Second Set of Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand

entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

Second, the complaint must clearly state what each defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert,* No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, if Plaintiff's claims regard his current conditions of confinement, he should get help from prison contract attorneys to prepare initial pleadings. And, Plaintiff is also warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying court filing fees.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED**:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 4th day of ~~April~~ May, 2010.

BY THE COURT:

_/s/ Dee Benson_
JUDGE DEE BENSON
United States District Court

4